IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARVEY CANTRELL,

      Plaintiff,

v.

J.B. PRITZKER, Governor, and
IL LEGISLATE,

      Defendants.

3:21-cv-01655-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter comes before the Court on plaintiff Harvey Cantrell's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4). Cantrell filed his Complaint on December 10, 2021 against [Illinois] Governor J.B. Pritzker and the Illinois Legislate (sp) (Doc. 2). Cantrell alleges his claim is brought pursuant to the "Voter's Act", and he asserts that neither Pritzker nor the legislate can enact or pass a law without the people's vote. On December 20, 2021, Cantrell filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4).

    Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide

himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed Cantrell's Motion for IFP status and supporting Affidavit. Although Cantrell is employed, his monthly income barely covers his expenditures. Additionally, he has only $10.00 in his checking account and his only asset is a 2000 Ford Taurus. Based on these facts, the Court finds that Cantrell is indigent, which would normally justify granting him IFP status.

The Court's inquiry does not end there; however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. 28 U.S.C. § 1915(e)(2). Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting a §1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standard for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id*. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id*. at 404.

In the instant case, Cantrell does not indicate how jurisdiction is conferred upon this court. (Doc. 2). However, his lawsuit is against the Illinois Governor and the Illinois Legislate, so one would assume he is alleging subject matter jurisdiction. *Id*. Nevertheless, the factual allegations in the Complaint are too bare bones to state a claim and require some imagination to interpret.

While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as noted above, a plaintiff cannot simply put a few words on paper that suggests something illegal *might* have happened. *Swanson*, 614 F.3d at 403 (emphasis added). In this case, any claim against the Governor Pritzker and the

Legislate based upon the Voter's Act is too tenuous and far reaching to survive screening.

For these reasons, this Court **DENIES** plaintiff's Motion to Proceed *in forma pauperis*. Further, the Complaint is **DISMISSED without prejudice** for failure to state a claim. The Court **GRANTS** Plaintiff Harvey Cantrell leave to refile an Amended Complaint on or before **January 31, 2022**. Cantrell is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms"—"For Self Help/Pro Se Parties").

**IT IS SO ORDERED.**

**DATED: December 30, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**